**FARMERS AND MERCHANTS BANK OF STUTTGART, ARKANSAS,** Appellee,

v.

**Jimmy C. HARRIS, Appellant.**

No. 76–1143.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1976.

Decided Sept. 13, 1976.

Opinion Withdrawn Dec. 21, 1976.

Opinion Reinstated Sept. 8, 1977.

John M. Fincher, North Little Rock, Ark., for appellant.

J. W. Green, Jr., Stuttgart, Ark., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

In this appeal, Jimmy C. Harris (appellant), as a co-maker of a promissory note in favor of the Farmers and Merchants Bank of Stuttgart, Arkansas (appellee), contends that he should be absolved of liability to the Bank on that note because the Bank and the other maker of the note had altered the terms of payment without Harris' consent. The district court rejected Harris' contention. We agree with the district court and

affirm. The law of Arkansas governs the rights of the parties.[1]

On February 4, 1970, T. E. Tyler and Jimmy C. Harris executed and delivered to the Farmers and Merchants Bank of Stuttgart, Arkansas, their promissory note No. 53834 in the sum of $30,000, with interest at eight percent per annum, due and payable on or before February 4, 1971. Subsequent to the signing of the note Harris and Tyler terminated their partnership business relationship, and in a dissolution agreement Tyler agreed to assume responsibility for the note. The district court found insufficient evidence to establish that the Bank had notice of this agreement.

On February 2, 1971, two days before the note was due, Tyler paid the interest on the note and signed an extension agreement on the reverse side of the note, changing the note's due date to May 4, 1971. Harris did not sign the extension agreement. In May 1971, Tyler again went to the Bank, paid the interest then due on the note, and signed another extension agreement which moved the due date to December 18, 1971, and required monthly payments of $1,000. Again, Harris did not sign the agreement. Tyler made the monthly $1,000 payments through January 1972, at which time the balance remaining was $21,500. On January 24, 1972, Tyler signed another extension agreement, the terms of which required monthly payments to resume on April 24, 1972, but no payments were made after January 24, 1972.

The Bank seeks to recover from Harris, as jointly and severally liable with Tyler, on note No. 53834. The district court concluded that the Bank was not bound by any dissolution agreement between Tyler and Harris of which it had no knowledge and to which it gave no consent. The court granted judgment for the Bank and Harris appeals.

Appellant Harris does not challenge the district court's conclusion that the Farmers

1. This suit originated in an action brought by the United States of America against the Bank, Tyler Motor Company, Inc., and others, seeking judgment for the nonpayment of a loan obtained through the Small Business Administration. The appellee Bank filed a third-party complaint against Harris and T. E. Tyler, as co-makers of a certain promissory note, No. 53834. The district court disposed of all issues including granting appellee Bank judgment against both co-makers on this note. Only Harris appeals the judgment.

and Merchants Bank was not bound by the dissolution agreement between appellant and Tyler. Instead, he contends that the district court "misapprehended the thrust of appellant's argument." He asserts that his contention was: "A significant modification of the terms and conditions of a promissory note without the consent of a co-maker, discharges that co-maker from his liability." To support this argument, appellant cites Arkansas cases in which parties have been discharged when notes on which they were sureties were altered or extended without their consent. Appellant does not refer to Ark.Stat.Ann. § 85–3–407 (1947) (alteration of instruments) or Ark. Stat.Ann. § 85–3–601 (1947) (discharge of parties), or by any other provision of the Uniform Commercial Code as adopted in Arkansas.

The district court stated: "It is undisputed that Harris and Tyler were co-signers of the note and that they were partners in the motor company business." Furthermore, the court found that "Tyler was the managing partner of the partnership operating under the name of Tyler Motor Company." Finally, the court concluded that "any agreement between Tyler and Harris as to the change in their business relationship, without the Bank's knowledge or consent, would, in no way, relieve defendant, Harris, of his liability as co-signer of the note to the Bank." We believe that the necessary implication of the court's language is that note No. 53834 was a partnership obligation and that Tyler had authority to act for the partnership with regard to the note.[2]

After making this determination, and finding insufficient evidence to overcome testimony by bank officers that there had been no notification that Harris was to be removed from the note, the court correctly concluded that Tyler's post-dissolution actions in extending the note and altering the terms of payment were sufficient to bind the Tyler-Harris partnership to the Bank. The relevant Arkansas statute provides that after dissolution a partner can bind the partnership:

(b) By any transaction which would bind the partnership if dissolution had not taken place, provided the other party to the transaction

(I) Had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution[.] [Ark.Stat.Ann. § 65–135(1)(b)(I).]

In light of the district court's findings and Arkansas partnership law, we conclude that the district court properly determined that Harris remained liable on the note in question. Since Tyler had authority to bind the partnership, and the Bank had no knowledge or notice of the partnership's dissolution, the fact that Tyler altered or extended the note without Harris' consent is irrelevant. The cases cited by appellant Harris concern sureties rather than co-making partners, and are not germane to this case.

Affirmed.

---

**2.** While these findings are not as explicit as might be desired, we believe they are sufficiently clear. Moreover, little in appellant's brief

casts doubt on the existence of a Tyler-Harris partnership or Tyler's status as managing partner.